CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
JUL 23 2009
JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIAM NEWBERRY BLANKENSHIP, Plaintiff, | Civil Action No. 7:09-cv-00256 |
| v. | **MEMORANDUM OPINION** |
| SWVRJ – ABINGDON, Defendant. | By: Hon. Jackson L. Kiser Senior United States District Judge |

William Newberry Blankenship, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Blankenship names the Southwest Virginia Regional Jail in Abingdon ("Jail") as the sole defendant. After reviewing Blankenship's submissions, I dismiss the complaint as frivolous, pursuant to 28 U.S.C. § 1915A(b)(1).

I.

In his bare complaint, Blankenship alleges that his eyeglasses were broken during a "shakedown," he is not allowed to work at the Jail to make enough money to replace the glasses and other medications, and he should receive more sophisticated dental care beyond having teeth removed. Blankenship requests as relief that he be moved and allowed to work so he can afford to replace them or that his glasses be replaced.

II.

I am required to dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief can be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are

clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions. . . ." Id. Although I liberally construe pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon, 574 F.2d at 1151 (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). However, a local or regional jail is not a "person" subject to liability under § 1983. McCoy v. Chesapeake Corr. Center, 788 F. Supp. 890 (E.D. Va. 1992). Even if Blankenship named a proper defendant, his complaint would still be insufficient to proceed.

The Supreme Court has made it clear that § 1983 is not intended to be used as a substitute for state tort law remedies. Baker v. McCollan, 443 U.S. 137, 146 (1979); Wallace v. Chrysler Credit Corp., 743 F. Supp. 1228, 1236 (W.D. Va. 1990). The negligent or intentional

2

deprivation of personal property by a police officer or prison employee does not rise to the level of a constitutional violation if the state provides an adequate post-deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 U.S. 527 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327 (1986). State law remedies, including the Virginia Tort Claims Act, are available to Blankenship as a means to seek compensation for his alleged property loss. See Wadhams v. Procunier, 772 F.2d 75 (4th Cir. 1985) (holding that the Virginia Tort Claims Act and Virginia's tort laws provide an adequate remedy); Ballance v. Young, 130 F. Supp. 2d 762, 767 (W.D. Va. 2000).

Blankenship also complains about not being able to work for wages while incarcerated to pay for medications and new glasses. However, inmates have no constitutional right to work release or to other job opportunities while incarcerated. See, e.g., O'Bar v. Pinion, 953 F.2d 74, 82-84 (4th Cir. 1991); Callender v. Sioux City Residential Treatment Facility, 88 F.3d 666, 669 (8th Cir. 1996); Gibson v. McEvers, 631 F.2d 95, 98 (7th Cir.1980). Therefore, Blankenship has no constitutional right to be employed while imprisoned or to receive adequate wages for the work he may perform.

Blankenship also complains that the Jail's dental staff "don't do [any]thing but pull teeth." (Compl. 2.) He alleges that a dentist said his teeth could be saved but the dentist could not perform the operation in the Jail. I liberally construe his claim as asserting an Eighth Amendment right to reasonable medical care. To support a claim of a denial of reasonable medical care, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). Thus, plaintiff must first demonstrate a sufficiently serious medical need. See, e.g., Loe

3

v. Armistead, 582 F.2d 1291 (4th Cir. 1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious). Second, a plaintiff must show deliberate indifference to that serious medical need; mere negligence or malpractice is not enough to constitute an Eighth Amendment violation. Estelle, 429 U.S. at 106; Daniels, 474 U.S. at 328; Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." Miltier, 896 F.2d at 851. Notably, a prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam); Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990). Furthermore, inmates are not entitled to the best medical care or the particular medical care of the inmate's choosing. Estelle, 429 U.S. at 104-05.

Blankenship does not allege that he sought or received medical care. But given his pro se status, I assume for purposes of this opinion that Blankenship would have standing to bring an Eighth Amendment medical claim. Blankenship acknowledges he can receive dental treatment at the Jail, but he disagrees with their method of treatment. Blankenship merely complains that he wants to receive dental care by the method and provider of his choice. None of these arguments presents any claim actionable under § 1983.

Blankenship filed his complaint seeking to impose liability under § 1983 against an immune defendant under legal theories that the Supreme Court of the United States already considered inapplicable under § 1983. Furthermore, the relief he requests, replaced eyeglasses and a prison transfer, are not proper for me to grant because the eyeglasses claim should be advanced in state court, and prisoners do not have a constitutional right to a particular security

4

classification or to be housed at a particular institution. See Meachum v. Fano, 427 U.S. 215 (1976) (holding that an inmate has no right to be housed in any particular facility). Therefore, Blankenship names an entity immune from § 1983 liability as the sole defendant, fails to establish how any staff committed a constitutional deprivation, and has adequate state law remedies available to him to request new glasses. Accordingly, I dismiss the complaint as frivolous, pursuant to 28 U.S.C. § 1915A(b)(1).

III.

For the foregoing reasons, I dismiss Blankenship's complaint as frivolous, pursuant to 28 U.S.C. § 1915A(b)(1). I decline to exercise supplemental jurisdiction over any possible state law claims, pursuant to 28 U.S.C. § 1367(c), because I dismiss all of the federal claims.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This 22rd day of July, 2009.

Jackson L. Kiser
Senior United States District Judge

5

Case 7:09-cv-00256-JLK-mfu   Document 5   Filed 07/23/09   Page 5 of 5   Pageid#: 13